# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LAURIE SNOW HEIN,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:25-cv-12608

**Judge Thomas M. Durkin**

**Magistrate Judge Jeffrey T. Gilbert**

**CORRECTED CONSENT JUDGMENT**

This action having been commenced by Plaintiff LAURIE SNOW HEIN ("Plaintiff") against the following Defendants ("Defendants") (collectively, the "Parties") identified on Schedule A to the Complaint, Plaintiff and Defendants have resolved all claims arising from the allegations in the Complaint:

| No. | Defendant Name | Account ID |
|---|---|---|
| 48 | Wall Painting Art | 634418219706132 |
| 49 | Canvas Classic Art | 634418219679848 |
| 50 | Good merchant F | 634418220147177 |
| 51 | Good merchant Y | 634418220146387 |
| 52 | Renaissance Rewind | 634418219430680 |
| 53 | Wonderful Poster Showcase | 634418220484141 |
| 54 | Thebester | 634418216912792 |
| 55 | PosterCraft | 634418221468367 |
| 56 | Beautiful life in dream | 634418217947589 |
| 57 | A one poster | 634418220441342 |
| 58 | Artful Decor Vision | 634418219329799 |
| 59 | Artful Livin Wall Wonders Aesthetic Haven | 634418219383612 |

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendants since

Defendants directly target their business activities towards consumers in the United States, including Illinois. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating at least one e-commerce store that targets United States consumers using one or more seller aliases, offering goods for sale and shipping to the United States, including Illinois, accepting payment in U.S. dollars, and using unauthorized copies of the Laurie Hein Works listed in Exhibit 1 to the Complaint in connection with those sales.

THIS COURT FURTHER FINDS that Defendants are liable for copyright infringement (17 U.S.C. §§ 106 and 501, *et seq.*).

IT IS HEREBY ORDERED that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them, be permanently enjoined and restrained from

   a. reproducing, distributing copies of, making derivative works of, or publicly displaying the Laurie Hein Works in any manner without the express authorization of Plaintiff;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Laurie Hein product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Laurie Hein Works;

   c. committing any acts calculated to cause consumers to believe that Defendant's Infringing Laurie Hein Works are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d. further infringing the Laurie Hein Works and damaging Plaintiff's goodwill; and

   e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving,

storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, or any reproductions, counterfeit copies or colorable imitations thereof and/or which bear the Laurie Hein Works.

2. Pursuant to the Parties' settlement agreement, Defendants shall pay Plaintiff nine thousand dollars ($9,000) in damages (the "Damage Amount").

3. Whaleco, Inc. d/b/a Temu~~Temu LLC~~ ("Temu") is ordered to transfer the Damage Amount from Defendants' accounts to Plaintiff within seven (7) calendar days of receipt of this Order.

4. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this Consent Judgment and Permanent Injunction. Plaintiff is authorized to seek to enforce the terms of this Consent Judgment and Permanent Injunction, and shall be entitled to reasonable attorneys' fees and costs incurred for any action to enforce the terms of this Consent Judgment and Permanent Injunction based on the Defendants' failure to comply, in any way, with its obligations set forth herein.

IT IS SO ORDERED.

DATED: _______________, 2026

_______________________________________
Thomas M. Durkin
United States District Judge